## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FRANK MOLINA,

      *Plaintiff,*

vs.

                                Case No. 16-1099-EFM-TJJ

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT LODGE 70 OF
IAMAW, SOUTHERN TERRITORY OF
IAMAW, ROBERT MARTINEZ, JR.,
TONY BLEVINS, MARK BLONDIN and
FRANK LARKN,

      *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Frank Molina brings several state law claims against numerous Defendants alleging that he was wrongfully terminated from his union position in breach of a contract. He also alleges that Defendants defamed him by speaking about his termination because Defendants' statements were allegedly untrue. Defendants now seek dismissal asserting that Plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA") and he fails to state a claim. Because the Court agrees with Defendants, and for the reasons stated in more detail below, the Court grants Defendants' motion (Doc. 10).

# I.      Factual and Procedural Background

Plaintiff Frank Molina originally filed his complaint in the district court of Sedgwick County on March 14, 2016 against six Defendants.[1] These include the International Association of Machinists and Aerospace Workers ("IAMAW"), District Lodge 70 of IAMAW ("District 70"),[2] Robert Martinez, Jr., Tony Blevins, Mark Blondin, and Frank Larkin.   IAMAW is a national union, and District 70 is a labor organization located in Wichita, Kansas.   Martinez, Jr., Blevins, Blondin, and Larkin all hold leadership-type positions with IAMAW.

Plaintiff's complaint is brief, but he asserts state law claims for wrongful termination, breach of contract, and defamation.   He alleges that he was an employee of IAMAW and District 70.   He claims that on February 2, 2016, he was removed from his employment in violation of District 70's and IAMAW's specific procedures.   Thus, he was allegedly wrongfully terminated.   He claims that "there were allegations of mass overspending, no proper approval for Lodge expenses, and failure to work with the deputy supervisor of the Lodge, which were and are erroneous."

Plaintiff also claims that he is a member of District 70 and under a contract of employment.   He alleges that specific procedures were not followed in terminating him and thus Defendants breached the contract.

Finally, Plaintiff contends that on February 2, 2016, Larkin and other named Defendants falsely stated to the news media that he had misappropriated and mismanaged funds.   He claims

---

[1] There is a related case, *Ledbetter v. Int'l Assoc. of Machinists & Aerospace Workers,* 16-CV-1101-EFM-TJJ, in which Plaintiff Becky Ledbetter asserts the exact same claims against the same Defendants.  This case will be discussed in a bit more detail below.

[2] Plaintiff named a seventh defendant, Southern Territory of IAMAW.  Defendants assert that the Southern Territory is simply a division of IAMAW and not a distinct entity. Thus, the Court will not include it as a defendant.

that Defendants Blevins and Blondin made similar comments that were untrue. He asserts that he has suffered severe humiliation and loss of respect, loss of his employment, and loss of respect of his family and friends.

On April 13, 2016, Defendants filed a Notice of Removal with this Court and asserted that all claims were preempted by the LMRA or the Labor Management Disclosure and Reporting Act ("LMDRA"). On April 21, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim. Plaintiff did not file a response. Thus, Defendants' motion is unopposed.

In the *Ledbetter* case, the parties held a telephone status conference on June 9, 2016 before Magistrate Judge James. In this status conference, the parties informed the Court that Plaintiff Ledbetter was subject to internal hearing procedures under Article L of the IAMAW Constitution and they were waiting for a determination of the issue presented in the internal proceedings. Because the parties indicated that the resolution of the internal proceedings could impact the case, the Court granted a stay until those proceedings were complete.[3]

The internal hearing proceedings were completed in December. On January 9, 2017, Defendants filed a document with the Court indicating this final decision and requested that the

---

[3] At the time the stay was issued, the undersigned was not the presiding district judge on the *Ledbetter* case. However, the undersigned was assigned to this case. Plaintiff Frank Molina was apparently subject to the same union internal hearing procedures. No stay, however, was issued in this case, and at that time, this case had a different magistrate judge (Judge Gale). In October, the Court became aware of the substantial similarity and somewhat parallel paths of the *Ledbetter* and *Molina* cases. The *Ledbetter* case was transferred to the undersigned. Judge James became the magistrate judge assigned to the *Molina* case. Thus, both cases now have the same district and magistrate judges and are proceeding together.

Court now consider its pending Motion to Dismiss.[4]   Thus, the Motion to Dismiss is ready for review.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[5] Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[6]   A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[7]   The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[8]   Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[9]   Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[10]   If the allegations in the complaint are "so general that they

---

[4] Defendants filed the document in both the *Ledbetter* and *Molina* case.  Defendants noted that one asserted reason for dismissal, that Plaintiff had failed to exhaust internal remedies, was now a moot contention.

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[9] *Iqbal*, 556 U.S. at 678–79.

[10] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citing *Twombly*, 550 U.S. at 556)).

encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[11]

Generally, the Court only considers the well-pleaded factual allegations in the complaint. However, "[c]ourts are permitted to review documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[12]   Here, Plaintiff alleges a breach of contract and the failure to follow termination procedures in that contract.   Defendants attach the IAMAW Constitution, which sets forth the procedures to remove a union officer.   This document is the only contract that Plaintiff could have been referring to.   Plaintiff does not dispute Defendants' contention that Plaintiff was referencing this union contract in the complaint (and that it is central to her complaint) and does not dispute the authenticity of the document.   Thus, the Court will consider it in relation to Defendants' Motion to Dismiss.

### III.   Analysis

Defendants assert that Plaintiff's claims are preempted by the LMRA and thus he fails to state a claim upon which relief can be granted.  Section 301 of the LMRA, or 29 U.S.C. § 185(a), provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  "Section 301 governs claims founded directly on rights created by collective-bargaining

---

[11] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[12] *Toone v. Wells Fargo Bank*, 716 F.3d 516, 521 (10th Cir. 2013) (quotation marks and citation omitted). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). As the Tenth Circuit noted in *Associated Wholesale Grocers*, "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id.* at 1385.

agreements, and also claims substantially dependent on analysis of a collective bargaining agreement."[13]  In addition, § 301 completely preempts "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, . . . whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort."[14]

The test for whether a state law claim is preempted by § 301 is "whether evaluation of the tort claim is *inextricably intertwined* with consideration of the terms of the labor contract."[15] Section 301 is not limited simply to collective bargaining agreements between employees and unions.[16]  Instead, § 301 covers contracts or union constitutions between labor organizations.[17] Thus, a claim brought by an individual that a labor organization breached the terms of the constitution is also subject to the LMRA.

In this case, Plaintiff brings three claims: wrongful termination, breach of contract, and defamation.  Both his wrongful termination and breach of contract claims are premised on the same facts.  He claims that Defendants removed him from his employment at District Lodge 70 and did not utilize specific contractual procedures.  Thus, he contends that his termination was wrongful and Defendants breached its contract with him.[18]

---

[13] *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir. 2000) (quotation marks and citations omitted).

[14] *Id.* (citations omitted).

[15] *Garley v. Sandia Corp.*, 236 F.3d 1200, 1208 (10th Cir. 2001) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

[16] *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 100-01 (1991).

[17] *Id.* 101-02.

[18] As noted above, Plaintiff did not attach any contract to his complaint and did not specifically reference the IAMAW Constitution.  Defendants, however, provided the IAMAW Constitution and referenced the procedures within it for the removal of a union officer and the procedure for which to bring a misconduct charge against the

Plaintiff's wrongful termination claim is essentially the same as his breach of contract claim. These claims are based on the interpretation of the contractual procedures set forth in the IAMAW Constitution, which is a labor contract within the meaning of the LMRA. As noted above, § 301 preempts questions relating to the legal consequences flowing from the breach of a labor contract. Thus, these two claims are preempted by § 301.

With regard to Plaintiff's defamation claim, the facts are substantially related to the facts underlying Plaintiff's wrongful termination and breach of contract claims. Plaintiff alleges that Defendants falsely stated that he had misappropriated and mismanaged funds.[19] These statements, however, directly relate to why he was allegedly terminated from his position with District 70. As noted by the Tenth Circuit, "when confronted with a § 301 preemption challenge to a state defamation action, federal courts look beyond the allegations of the complaint . . . to determine whether the wrong complained of actually arises in some manner from the breach of the defendants' obligations under a collective bargaining agreement."[20] Here, Plaintiff bases his defamation claim on the premise that Defendants' statements relating to the reasons he was terminated or removed from his position are untrue.

A defamation claim requires false and defamatory words communicated to a third person that result in reputational harm.[21] Defenses to a defamation claim include whether the

---

union officer. Plaintiff did not file a response to Defendants' motion. As indicated by Plaintiff's failure to file a response, there does not appear to be a dispute regarding the applicability of the procedures in the IAMAW Constitution to Plaintiff.

[19] It appears as though Plaintiff claims that the allegations against him regarding overspending and failure to obtain approval for expenses were erroneous and a wrongful basis for his removal as a union officer.

[20] *Garley*, 236 F.3d at 1211 (quotation marks and citation omitted).

[21] *Dominguez v. Davidson*, 266 Kan. 926, 930, 974 P.2d 112, 117 (1999) (citation omitted).

communication was privileged or whether the words were truthful.[22]  Here, Plaintiff asserts that Defendants' reasons for his removal, i.e., that he misappropriated and mismanaged funds, are untruthful.    As noted above, Plaintiff also asserts that Defendants' allegations of misappropriation of funds resulted in his wrongful termination and breach of contract.  Because the Court would have to consider the falsity of Defendants' statements and consider the IAMAW provisions for grounds for termination, Plaintiff's defamation claim is inextricably intertwined with his breach of contract claim and the interpretation of the IAMAW Constitution.  Thus, § 301 preempts Plaintiff's defamation claim as well.

Ultimately, all of Plaintiff's claims are based on a labor agreement.  "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law."[23]  Here, Plaintiff does not reference the LMRA or attempt to state a claim under the LMRA.[24]  Thus, his claims cannot be treated as claims brought under the LMRA.  Accordingly, because Plaintiff's state law claims are preempted by § 301 and he fails to state a claim, the Court dismisses his complaint.

---

[22] *Id*. at 931, 974 P.2d at 117.

[23] *Allis-Chalmers*, 471 U.S. at 220 (citation omitted).

[24] As noted above, Plaintiff failed to file a response to Defendants' Motion to Dismiss and assert any argument for the basis of his claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 25th day of January, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE