## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FRANK MOLINA,

    *Plaintiff,*

vs.

Case No. 16-1099-EFM-TJJ

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT LODGE 70 OF
IAMAW, SOUTHERN TERRITORY OF
IAMAW, ROBERT MARTINEZ, JR.,
TONY BLEVINS, MARK BLONDIN and
FRANK LARKIN,

    *Defendants.*

## MEMORANDUM AND ORDER

On January 25, 2017, the Court issued its Memorandum and Order granting Defendants' Motion to Dismiss. The Court found that Plaintiff's claims were preempted by the Labor Management Relations Act ("LMRA") and that he failed to state a claim under the LMRA. Plaintiff has now filed a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59 (Doc. 16). For the reasons stated below, the Court denies Plaintiff's motion.

Rule 59(e) permits a party to request reconsideration and alteration of a final judgment.[1] The Court will reconsider and alter an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct clear error in the earlier judgment.[2] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[3]

Plaintiff does not even reference the Rule 59(e) standard and offers no valid reason for the Court to reconsider its earlier judgment. Instead, Plaintiff seeks to revisit issues already considered or attempts to assert arguments that he previously failed to present. Specifically, Plaintiff takes issue with the Court deciding Defendants' Motion to Dismiss without considering his response. Plaintiff, however, did not file a response to the Motion to Dismiss in this case.[4] D. Kan. Rule 6.1(d)(2) requires a response to a dispositive motion to be filed within 21 days. D. Kan. Rule 7.4(b) states that

> [a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice.

Plaintiff wholly failed to file a response. Thus, Defendants' motion *was* unopposed.

In any event, although Plaintiff did not file a response, the Court considered the relevant law in making its decision and determined that Plaintiff failed to state a claim because his claims

---

[1] Fed. R. Civ. P. 59(e).

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id*.

[4] In a related case, *Ledbetter v. Int'l Assoc. of Machinists & Aerospace Workers,* 16-cv-1101-EFM-TJJ, Plaintiff did file a response, but it was untimely. The Court did not consider that response because Plaintiff failed to seek leave to file it out of time.

were preempted by the LMRA. To the extent that Plaintiff now seeks to offer an argument that his claims are not preempted, he could have raised this argument earlier had he responded to Defendants' motion. In addition, Plaintiff's preemption argument in his Motion to Reconsider does not take issue with the preemption doctrine that the Court cited in its Order. Instead, Plaintiff discusses another preemption doctrine that the Court did not discuss. Thus, even Plaintiff's untimely argument misses the mark.

Plaintiff also appears to take issue that the Court did not consider a claim for "outrage." The tort of outrage is commonly referred to as a claim for intentional infliction of emotional distress. Plaintiff's petition did not include a claim for outrage.[5] He labeled three claims: "Claim II (wrongful termination)," "Claim III (breach of contract)," and "Claim IV (defamation, libel and slander)." Plaintiff included a "Claim V" with no designation of a specific claim.[6] To the extent that Plaintiff now asserts that his "Claim V" is one for outrage, there is no indication of this fact in the allegations in the petition. Plaintiff simply states under Claim V that he incorporates the above paragraphs (in the petition) and that "the above claims … were made with a callous disregard for the truth and constitute outrageous behavior for which the plaintiff makes claim for damages." These allegations are in no way sufficient to assert a claim for intentional infliction of emotional distress.

After considering Plaintiff's motion, the record in this case, and the Court's previous Order, the Court finds that Plaintiff does not identify any intervening change in law, newly

---

[5] Plaintiff initially filed a petition in state court, and Defendants removed the case here.

[6] Plaintiff also had a "Claim I" with no designation of a specific claim, and the facts included under that section simply set forth the parties in the case.

discovered evidence, or the need to correct clear error in the prior judgment. Thus, there is no need to amend or alter the judgment in this case.[7]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Pursuant to Rule 59 to Alter or Amend the Judgment (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of April, 2017.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff alternatively requests that the Court remand the case to state court. Defendants filed their Notice of Removal on April 13, 2016. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Plaintiff never moved for remand and never asserted that this Court lacked subject matter jurisdiction. Thus, Plaintiff is out of time for such a request and cannot seek this remedy on a reconsideration motion.